### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DANIEL JACOBS,**

              **Petitioner**

     v.

**MARTIN HORN, Commissioner, Pennsylvania Department of Corrections; CONNER BLAINE, JR., Superintendent of the State Correctional Institution, Green County; and JOSEPH P. MAZURKIEWICZ, Superintendent of the State Correctional Institution at Rockview,**

              **Respondents**

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**No. 3:99cv1203**

**(Judge Munley)**

## ORDER

Before the court for disposition is Petitioner Daniel Jacobs' application for an order making a conditional grant of a writ of habeas corpus absolute. The matter has been fully briefed and is ripe for disposition.

**Background**

The York County Court of Common Pleas convicted petitioner of two counts of first degree murder in the Court of Common Pleas of York County, Pennsylvania for the murders of Tammy Mock and Holly Jacobs. The court sentenced him to death for Mock's murder and to life imprisonment for Holly Jacobs' murder. Petitioner filed a petition for a writ of habeas corpus which this court granted with respect to the death penalty only. Petitioner then appealed to the Third Circuit Court of Appeals.

On January 25, 2005, the Third Circuit Court of Appeals issued an opinion that granted habeas corpus relief as to the conviction for Tammy Mock's murder, but denied relief with regard to the murder of Holly Jacobs. The Third Circuit then remanded the case to this court. Pursuant to the

direction of the Third Circuit, on March 7, 2005, we conditionally granted the petition and ordered the respondents to release the petitioner unless the Commonwealth of Pennsylvania grants him a new trial for the murder of Tammy Mock within a reasonable time.[1]

Petitioner now moves to make the conditional grant of writ of habeas corpus absolute. Petitioner argues that we ordered that he be "retried" within a reasonable time.[2] At the time the motion was filed over two-and-a half years had passed, and he still had not been tried. Accordingly, petitioner asks the court to make the prior conditional grant of the writ of habeas corpus an absolute grant. After a careful review, we will deny the application.

**Jurisdiction**

We have continuing jurisdiction under 28 U.S.C. §§ 1331 and 2254. See Gibbs v. Frank, 500 F.3d 302, 205 (3d Cir. 2007).

**Discussion**

The Third Circuit Court of Appeals addressed the timeliness of the retrial of a defendant after the granting of a habeas corpus in the case of Gibbs v. Frank, 500 F.3d 302 (3d Cir. 2007). In Gibbs, the Third Circuit

---

[1]Despite the wording of our order, the petitioner would not be released from prison if the writ is made absolute as the writ only applies to the conviction of the murder of Tammy Mock. The petitioner is also serving a life sentence for the murder of Holly Jacobs, which the Third Circuit did not disturb. (See Doc. 56, Petitioner's Brief at 5, n.3; Doc. 59, Respondent's Brief at 8).

[2]The petitioner indicates that we ordered him "retried" within a reasonable time. The Third Circuit and this court, however, ordered that he be granted a new trial within a reasonable time. (See Doc. 40, Doc. 41).

2

had mandated that the district court order the petitioner retried within a "specified time period." Id. at 207. The court explained that implicit in "specified" is a reasonableness requirement. Id. The district court ordered that the petitioner be retried within 120 days based upon the Pennsylvania Speedy Trial Rule, Rule 600 of the Rules of Criminal Procedure, which provides that a defendant being retried on a charge must be tried within 120 days of the date of the order granting a new trial if he is incarcerated on that case. Id. The Court of Appeals found the district court's reliance on the period set forth in Rule 600 was reasonable. Id.

In the instant case, the petitioner filed a Rule 600 motion in the County Court. The court denied the motion on July 23, 2007. (Doc. 59-2, Docket of Commonwealth of Pennsylvania v. Daniel Jacobs). As there has been no speedy trial violation under state law, we find that our order that a trial be granted within a reasonable amount of time has not been violated. Accordingly, the application for an order making the conditional grant of writ of habeas corpus absolute (Doc. 56) is hereby **DENIED**.

Date: 4/11/08

**BY THE COURT:**

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court